Dewet, J.
The declaration in this case would have been held bad on demurrer, if the defendants had elected to raise the question of its sufficiency in that form. But they forbore to demur to the declaration, and joined issue in fact thereon, taking their chance to get a verdict in their favor; and this presents the question as to the declaration under a different aspect from that of an objection thereto raised by demurrer, and before verdict.
It is a very familiar principle, that faults in pleading are, to some extent, cured by a verdict. The doctrine is well stated by Serjeant Williams, in 1 Saund. 228, a, note, in these words : “ Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or improperly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission, is cured by the verdict.” This is the common law doctrine, long known, .and adopted in practice, as furnishing a salutary and useful rule, requiring vigilance in the *335 party raising objections of this nature, and such as might have been easily obviated by an amendment, if pointed out at an early stage of the proceedings. Although judgment will be arrested even after verdict, if it appear from the declaration that the plaintiff’s title to his action is defective, yet judgment will not be arrested when the defect is not in the title, but in the form of setting it out. Bigelow’s Digest, 458, and cases there cited.
The Rev. Sts. c. 100, $<§> 21-24, are very significant of the views of the legislature as to sustaining exceptions of mere form in legal proceedings; and indeed errors of substance seem to be guarded against by the facilities furnished for obviating them by way of amendment. In view of these provisions and the obvious purpose of legislative enactments, this court refuse to arrest the judgment, or set aside proceedings as irregular, upon a motion filed at a late period in the cause, upon grounds which would have availed the party alleging them, if seasonably interposed ; and this, even in defects in matters which are enjoined by positive law or constitutional requirement. Thus the want of a proper teste to the writ cannot be objected, unless at an early stage. Ripley v. Warren, 2 Pick. 592. So the want of a seal to a writ cannot be alleged in arrest of judgment, after trial by jury. Foot v. Knowles, 4 Met. 386. Objections for matters apparent on the face of the proceedings, and also those defects generally which furnish good ground for matter in abatement, are taken to be waived, if not raised at an early stage of the case. Simonds v. Parker, 1 Met. 508. These cases are alluded to, not as strictly analogous to the case at bar, but as illustrating the course of judicial decisions, in requiring, as fai as possible, all objections to the form of the process or the pleadings to be raised before trial by jury. This course is of great practical importance, and is to be adhered to and applied as far as practicable and consistent with the rules of law.
These principles, just and proper as they are, and to be liberally applied in appropriate cases, do not supersede the right to move in arrest of judgment after verdict; nor will they sustain every declaration that may have been submitted to a jury, and upon which a verdict may have been rendered for the *336 plaintiff. They do, however, obviate objections of form, and they do ghe effect to averments less direct and specific than would be requisite, if a demurrer had been filed.
To entitle the plaintiff to maintain his action, enough must appear in the declaration, or be inferred by legal intendment from the verdict, to embrace the several allegations, that the defendants were the selectmen of Dalton, and, as such, regulated the list of voters, and presided over the balloting, at a 'regular town meeting; that the plaintiff was legally entitled to have his name borne on the list of voters, and that he requested the defendants to insert his name upon said list; that the defendants knew the fact of the plaintiff’s having the legal qualifications, or that, by sufficient evidence, it was shown to them that he was qualified to vote in the election there pending, and that they refused to enter his name on the list. St. 1839, c. 42, § 4. Upon examination of the second count in this declaration, we are satisfied that it does substantially allege these various matters, or so much of them that, with the legal intendment after verdict, and the waiver of formal objections consequent upon joining issue and proceeding to trial, it may be considered as setting forth a sufficient cause of action.
There is one obvious inaccuracy in the second count, upon which some reliance was placed, and which it may be propei to notice. This count, alleging the town meeting to be holden on the 9th day of November 1840, and reciting various public officers to be voted for at that meeting, states, as one purpose of the meeting, that it was “ a meeting of the voters of said town of Dalton, for the election of president and vice president of the United States,” &c. The meeting was, in truth, for the choice of electors of president and vice president of the United States. To this objection it may perhaps be a sufficient answer, that, under our laws, the only mode of electing the president and vice president is by the instrumentality of electors chosen by the people, and that, by the law of Massachusetts, this day was assigned for the choice of such electors, and therefore an allegation that the meeting was holden on that day for the choice of president and vice president *337 must be none other than an allegation that there was a town meeting holden on that day for the choice of electors of president, &c. A further answer, however, results from the fact, that the declaration does also recite that this town meeting was holden for the choice of governor, lieutenant governor, a member of congress, state senators, and a representative to the legislature of Massachusetts; and that the plaintiff was deprived of the right of voting for these various officers. We do not think this objection can avail the defendants, and arrest the judgment. We think the judgment may be well entered upon the verdict, upon the second c6unt in the declaration. It is true that the verdict was a general one; but where there are several counts in a declaration, for one and the same cause of action, some of which are good and others bad, and a general verdict is returned upon all, judgment will not be arrested, but the verdict may be applied to the good counts only. Baker v. Sanderson, 3 Pick. 353. Cornwall v. Gould, 4 Pick. 446.